SALENA B. BOYD *v.* FIDELITY MUTUAL LIFE INSURANCE COMPANY.

[41 South. Rep., 268.]

INSURANCE. *Life policy. Nonpayment of premium. Extension of time. Inducements. Agent's promises.*

If a life insurance company, by its duly authorized soliciting agent, induce a person to insure his life by assurances that thirty days' grace will be allowed him on all premiums, and he pay the first one and die, more than twelve but within thirteen months of the issuance of the policy, the company cannot escape liability thereon because an annual premium was unpaid when he died.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Mrs. Boyd, the appellant, was plaintiff in the court below; the insurance company, appellee, was defendant there. The action was upon a life insurance policy, payable to plaintiff, issued by defendant on the life of William H. Boyd, the plaintiff's deceased husband. The defendant demurred to plaintiff's declaration, the demurrer was sustained, and, plaintiff declining to amend, the suit was dismissed and plaintiff appealed to the supreme court. The declaration averred that the insured died,

having paid the first premium, more than one year but less than thirteen months from the issuance of the policy; its other averments are stated in the opinion of the court.

*P. Z. Jones,* for appellant.

According to the declaration, the defendant's agent represented to the deceased that thirty days' grace were allowed in the payment of all premiums; that he was authorized by the company not only to make this representation, but to hold this feature out as a special inducement to persons accepting policies in the company. The company now repudiates these representations and the agent's authority to make the same, and endeavors to shield and protect itself by the strict letter of its contract. It is alleged in the declaration that the insured believed the agent's representations, and that, relying on these representations and confiding in their truthfulness, he did not read the policy when it was delivered to him. It is further alleged that he relied upon and believed this representation when he made the application for the insurance, and when he paid the first annual premium, and that he believed and thought from the representations and inducements made and held out to him by the agent when he paid the first premium that he was buying life insurance protection for a period of thirteen months from the date on which the policy might be issued. That he was led to this belief by the defendant's agent. The defendant, by its demurrer, admits that all these allegations are true, and yet it retains all of the premium paid by the insured, and seeks to avoid liability on the contract. If this allegation be true, and if the defendant is correct as to the meaning and effect of the policy actually delivered, then there was not a meeting of minds between the contracting parties, and the contract should be rescinded, because not the one agreed upon. In other words, if the plaintiff's position is correct, then the insurance company is bound to refund the premium received by it or pay the amount of the policy. It cannot retain the fruits of

the contract and avoid its corresponding liabilities without perpetrating a fraud on the plaintiff.

If the defendant's agent knew that the representations made to the insured were false and that the policy when delivered was not as represented that it would be, then the agent whose acts are the acts of the principal, was guilty of willful fraud.

If the agent was honest and sincere in making the representations alleged to have been made in the declaration, and if the insured contracted for a policy of insurance in accordance with such representations, and if the agent of the company believed that the policy when delivered was as he represented that it would be at the time of signing of the application by the insured, and the policy is in fact not as represented, then a mistake occurred, and parol evidence is always admissible in cases of accident or mistake.

Parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract. *Ferguson* v. *Rafferty,* 6 L. R. A., 33, and note.

*Thomas Brady, Jr.,* for appellee.

The application signed by Boyd, being a part of the declaration, shows that he was a school teacher and farmer, and by the signing thereof, he agreed to the following stipulations: "That the policy issued hereon shall not become binding on the company until the first premium due thereon shall have been actually received by the company or its authorized agent during my lifetime and good health; that no statement, to whomsoever or howsoever made, shall modify this contract, or in any manner effect the rights of the company, unless the same be reduced to writing, and be presented to and approved by the officers of the company at the head office in Philadelphia; no agent of, or any other person on behalf of, the company having the power or authority to make or modify this or any contract of insurance, to grant credit or to extend time for paying any premium, or to waive any forfeiture, or to bind the company by making any promise, or by

making or receiving any representation or information, it being agreed that such powers can only be exercised in writing by the president, vice-president, actuary or assistant actuary, of the company at its head office, and shall not be delegated."

The application formed the sole basis of this contract.

Upon the 13th of July, 1905, Boyd failed to pay a second premium, and died on July 22, 1905, having paid only one premium on the life insurance policy issued to him in favor of his wife, who is the appellant herein.

Is the appellee estopped to plead in defense of this suit a failure on the part of the insured to pay a premium when due, by reason of the fact that the agent of the appellee induced the insured to sign, by representing to him that an extension was granted in the payment of all premiums, a written application for a policy, when, by the signing of the application, the insured became advised by the terms thereof that the agent had no authority to make such representations or to extend the time for payment beyond that named in the policy?

It is a well established principle of law that a policy becomes void unless the premium is paid when it matures. Hence, the representations of appellee's agent as to thirty days in the payment of all premiums having been made prior to the signing of the application and the issuance of the policy, are not admissible, and the terms as to time of payment, of the policy as to the time of payment of premium, are binding. It follows, therefore, that since the premium was not paid when under the policy it was due, that the policy sued upon is null and void. 19 Am. & Eng. Ency. Law, 55; *Coombs v. Charter Oak Ins. Co.*, 65 Me., 382; *Tibbitts v. Mutual Benefit Life*, 65 N. E. Rep., 1033, and *Methvin v. Fidelity Mutual Life Ins. Co.*, 61 Pac. Rep., 1112; *Insurance Co. v. Harlan*, 56 Miss., 512.

In the case of *Union Mutual Life Insurance Co. v. Mowry*, 96 U. S., 674, the insured feared and suggested that he would overlook the payment of the premium when it fell due, whereupon,

in order to prevail upon him to take a policy, the agent obligated that. the company would give the insured notice in order that the premium might be promptly paid.    No notice was given, and the premium became only forty-five days past due, on account of which the court held the policy void, saying "that representations by an insurance agent to induce an applicant to take a policy, that the company would notify him in season to pay the premium, and that he need not give himself any uneasiness on the subject, do not operate as an estoppel, when no such notification was given, against insisting upon the forfeiture of the policy by reason of nonpayment of the premium."    96 U. S. S. C. Rep., 674.

WHITFIELD, C. J., delivered the opinion of the court.

The declaration in this case avers as follows :

"That on June 24, 1904, the date of the payment of the first annual premium, the agent of the defendant company solicited the said William H. Boyd to insure his life in the defendant company, and as an inducement to taking the insurance, pressed upon the said William H. Boyd the fact that thirty days of grace were allowed by the company on the payment of all premiums due said company.    That the said agent was authorized by the defendant company to make this representation, and to hold out as special inducement to persons solicited by said agent to take insurance in said company the fact that said company allowed thirty days of grace in the payment of all premiums, and furnished to said agent instruction books and other literature authorizing him to hold out this special feature as an advantage to policy holders in said company, and the agent in making the representations above mentioned was acting within the scope of his employment and authority."

With this averment that the company itself authorized these representations to be made, and that the policy was taken out on the faith of them, it is too obvious for discussion that a demurrer

should not have been interposed, but that the case is one for evidence.

*The judgment is reversed, the demurrer is overruled, and the cause remanded.*